AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
v.
James Sheppard
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-107

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
    - for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV -7 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant is charged with felon in possession of a firearm and failure to register and transfer record, in violation of 18 USC §922(g)(10 AND 26 USC §5861(D), respectively. Defendant did not contest the government's motion for detention but reserved the right to review the court's detention order at a later date which was granted. In addition to the non-contest of the motion, the court finds that there are not conditions or combination thereof that will reasonably assured defendant's appearance as required and the safety of the community on the following bases:

1. At present defendant is serving a sentence for a violation of probation. he was on probation for possession with intent to deliver cocaine. Prior to his arrest in July on the VOP, defendant has worked for Shoprite for approximately 10 months. He admits to a marijuana addiction and has undergone treatment (outpatient). while in custody he is to complete a residential drug treatment program. Because of these new charges with the federal government, he is not eligible for the drug treatment program (Key) and his VOP sentence of 4 years will not be suspended until he completes the Key program.

2. Defendant's criminal history is significant beginning in Family Court at age 9-10. Between 1998 to June 1999, defendant was found deliquent on 3 occasions. In November 2002 he was guilty of possession of marijuana (2 counts) for which he was found in VOP on one occasion. That one occasion was because he was guilty of possession of marijuana again and possession of drug paraphernalia. For these offenses, he was placed on probation and found VOP in June 2003 and again in March 2004. He was discharged as unimproved. In March he was found guilty of possession with intent to deliver cocaine and VOP his probation in July 2004, November 2005 and August 2006.

4. The evidence against defendant shows that when question by police of suspected illegal activity a weapon was found on defendant. A further search of his place found a sawed off loaded shotgun. Defendant was identified by witnesses which lead to his arrest.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 6, 2006
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).