

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building   (302) 573-6277
1007 Orange Street, Suite 700   FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

January 26, 2007

The Honorable Sue L. Robinson
Chief United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. James Sheppard**
           **Criminal Action No.   06-107-SLR**

Dear Chief Judge Robinson:

    The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled before this Court on February 8, 2007 at 3:00 p.m.

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                United States Attorney

                    BY:    /s/Ilana H. Eisenstein
                                Ilana H. Eisenstein
                                Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esquire
       Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 06-107-SLR |
| | ) |
| JAMES SHEPPARD, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, James Sheppard, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Count One carries a maximum sentences of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) on or about July 25, 2006, he knowingly possessed a firearm, that is a sawed off 12 gauge Remington shotgun model 870, serial number V193073M; (2) on or about March 10, 2004, he had previously been convicted of a crime punishable by more than one year of imprisonment; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

3. The defendant admits that he knew that the firearm charged in Count One of the Indictment had a barrel length shorter than 18 inches.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, a sawed off 12 gauge Remington shotgun model 870, serial number V193073M, and 9 shotgun shells seized from him by police on July 25, 2006. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

By:_____

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

Ilana H. Eisenstein
Assistant United States Attorney

_____
James Sheppard
Defendant

Dated:

3

**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
Chief United States District Judge

4