# FEDERAL PUBLIC DEFENDER
# DISTRICT OF DELAWARE

704 King Street, Suite 110
Wilmington, Delaware 19801
Phone (302) 573-6010
FAX (302) 573-6041
www.fpdde.org

**Edson A. Bostic**
Acting Federal Public Defender

**Eleni Kousoulis**
**Christopher S. Koyste**
Assistant Federal Public Defenders

**Tieffa Harper**
Research & Writing Specialist

April 26, 2007

Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street, Fourth Floor
Wilmington, DE 19801

      Re:    **United States v. James Sheppard**
                **Criminal Action No. 06-107-SLR**

Dear Honorable Chief Judge Robinson:

      This letter is presented on behalf of Mr. James Sheppard, who is scheduled to be sentenced by this Court on the above-referenced matter on May 7, 2007 at 4:30 p.m. The defense respectfully requests that the Court consider the following submission when imposing sentence. The defense submits that a variance below the advisory Guideline range is reasonable in this case.

      While this Court must still consider the Sentencing Guidelines in determining an appropriate sentence, the Guidelines are merely advisory, and the Court is permitted to tailor the sentence in light of the other factors set forth in 18 U.S.C. § 3553(a). See United States v. Booker, 125 S.Ct. 738, 767 (2005). Thus, the advisory Guideline range of 46-57 months, calculated in Mr. Sheppard's Presentence Report, is merely a starting point for the sentencing determination. The Court's analysis may begin with, but cannot end with, the advisory Guideline range. See United States v. Rodriguez, 406 F.3d 1261, 1289 (11th Cir. 2005) (stating Guideline range now nothing more than a suggestion). The Third Circuit has held that Booker requires district courts to "consider the applicable advisory Guideline range in addition to factors set forth in 18 U.S.C. § 3553(a)." U.S. v. Davis, 407 F.3d 162, 163 (3d Cir. 2005) (citing Booker, 125 S.Ct. at 764-65). In fact, failure to consider all of the statutory factors listed in § 3553(a) would constitute legal error. United States v. Crosby, 379 F.3d 103, 114 (2d Cir. 2005).

The weight to be assigned each of the § 3553(a) factors is ultimately for this Court to decide. There is nothing in 18 U.S.C. § 3553 to indicate that the Guidelines are to be given any greater weight than any of the other § 3553(a) factors. In U.S. v. Coleman, 451 F.3d 154, 158 (3d Cir. 2006), the Third Circuit advised that although the Guidelines are to be considered, they "do not control sentencing." In fact, "the Guidelines' recommended range may be modified or disregarded by a district court upon consideration of the other sentencing factors Congress has identified in § 3553(a)." Id. The Third Circuit also rejected the view that the Guidelines were "reasonable per se" or even presumptively reasonable, explaining that "'a within-guideline sentence is not necessarily reasonable per se' because such a system 'would come close to restoring the mandatory nature of the guidelines excised in Booker.'" Id. (citing United States v. Cooper, 437 F.3d 324, 331 (3d Cir. 2006)). Following Booker, this Court is empowered to impose a sentence it thinks appropriate under all of the facts and circumstances of this case.

While the defense does not dispute the Guideline calculations in the Presentence Report, the defense respectfully submits that given other mitigating factors, a variance below the advisory Guideline range is reasonable in the present case. The Third Circuit has held that "the record must demonstrate the trial court gave meaningful consideration to all of the § 3553(a) factors." U.S. v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006) (citing U.S. v. Williams, 425 F.3d 478, 480 (7th Cir. 2005)). Under 18 U.S.C. § 3553(a), the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. Mr. Sheppard urges this Court to freely exercise the considerable discretion conferred upon it by the decision in Booker and to impose a sentence of 36 months, followed by a period of supervised release, in light of the other factors this Court must consider.

One factor the Court is to consider, in addition to the Guidelines, is the nature and circumstances of the offense of conviction and the history and characteristics of the defendant. See § 3553(a)(1). With regard to the nature and circumstances of the offense, the facts surrounding Mr. Sheppard's possession of the shotgun should be considered. Mr. Sheppard did not have the shotgun for any illegal purpose. He originally obtained the shotgun some time ago because he thought it was cool and he liked it. He never planned on using the shotgun for any illegal purpose. In fact, he put the gun in a gym bag and stored it in the basement. He knew he wasn't suppose to have the gun, but it was "out of sight, out of mind." Mr. Sheppard actually forgot all about the gun once he put it away in the basement. He realizes that he should have disposed of the gun properly and that he should have never obtained the gun in the first place since he was a prohibited person. As stated by Mr. Sheppard in the presentence report, he is "no longer living that lifestyle" and he has no intention of ever possessing any type of firearm in the future. He wants to put this incident behind him and get on with his life. He is very sorry for his conduct in the case, and especially sorry for the heartache his actions in this case have caused his family.

Another factor the Court is to consider when imposing sentence is the purposes of sentencing. Section 3553(a)(2) directs the Court to consider the need for the sentence imposed to provide appropriate punishment, deterrence and rehabilitation to the defendant. The defense submits that a sentence of 36 months, followed by a period of supervised release, adequately serve the purposes of sentencing in this case. Mr. Sheppard realizes that the sentence requested by the defense is a variance

below the advisory Guideline range. However, as stated previously, in imposing a sentence on Mr. Sheppard that is sufficient, but not greater than necessary, to achieve the four purposes of sentencing under § 3553(a), this Court need consider the Guidelines as only one of several factors. With regard to punishment, a sentence of 36 months does serve to punish Mr. Sheppard, as it takes him away from his family and serves as a severe limitation on his freedom during those 36 months. Furthermore, Mr. Sheppard has never before been sentenced to a significant term of incarceration, so 36 months would serve to punish him.

Another purpose of sentencing is rehabilitation and to provide a defendant with medical care or other corrective treatment in the most effective manner. See 18 U.S.C. § 3553(a)(2)(D). It appears that Mr. Sheppard could benefit from drug and alcohol treatment. Most of Mr. Sheppard's prior criminal conduct can be traced to his addiction to drugs and alcohol. While Mr. Sheppard can receive drug and alcohol treatment in prison (which he will receive as part of his sentence on his state violation of probation), he will need to learn how to cope outside of the prison setting, and receiving such treatment outside of prison will better equip him to handle himself in the outside world.

Furthermore, if Mr. Sheppard is receiving treatment for his substance abuse problems, a factor which contributed to his criminal conduct in the past, his chances for recidivism is low and the public will not need protection from him. A sentence of 36 months, with substance abuse counseling as a condition of his supervised release, would serve to punish Mr. Sheppard during the time he is incarcerated and his freedom restricted, but would also allow him to be released back into society as a relatively young age and to show the Court that he can function in the outside world and be a contributing member of society. From the beginning, Mr. Sheppard has taken responsibility for his conduct in this case, as is evidenced by the statement he gave to officers immediately following his arrest in which he admitted to possessing the shotgun in question. Mr. Sheppard's acceptance of responsibility, his recognition of his problems with drugs and alcohol and his willingness to enter into treatment for his addiction, are steps toward rehabilitation and signify an eagerness on Mr. Sheppard's part to better himself as an individual.

Mr. Sheppard has made some poor choices throughout his life and he readily takes responsibility for all his past mistakes, but Mr. Sheppard is committed to turning his life around. During the time of his present incarceration, Mr. Sheppard has come to have a better understanding that every decision he makes has consequences and that he needs to think before he acts. He has used his time so far in prison to think about his life and the direction he wants his life to take. He wants to be the type of person of whom his family, and society, can be proud. Mr. Sheppard's sister, Desiree Woodruff, has also noticed a change in her brother over the last several months, and she believes that he has matured as a person and that he is committed to having a better, more productive, and law-abiding life.

The defense also respectfully requests that any sentence the Court imposes in the present case be recommended to run entirely concurrent to the state sentence that Mr. Sheppard is currently serving for a violation of probation. On August 1, 2006, Mr. Sheppard was sentenced in state court in Delaware on the violation of probation to 4 years in custody, suspended after completion of the Key Program, then completion of the Crest program, followed by 18 months probation. His violation

of probation stemmed mostly from his arrest and conduct in the case on which this Court stands to sentence him. The fact that the sentence he received on his violation is due in most part to his conduct in the present case, a concurrent sentence seems fair and just; otherwise, Mr. Sheppard would be punished twice for essentially the same conduct.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. U.S., 518 U.S. 81, 113 (1996). In the wake of Booker, this Court has discretion to sentence Mr. Sheppard below the advisory Guideline range as long as the sentence is "reasonable" in light of the other § 3553(a) factors. See Booker, 125 S.Ct. at 765-67. A sentence of 36 months, concurrent to the sentence Mr. Sheppard is currently serving on his violation of probation out of Delaware state court, followed by a period of supervised release, is reasonable in the present case, sufficient to achieve the goals of sentencing, and will allow Mr. Sheppard to continue to provide love and support to his family and to be a contributing member to society.

Thank you for Your Honor's consideration of the foregoing.

Respectfully submitted,

__/s/ _____
Eleni Kousoulis, Esq.
Assistant Federal Public Defender
Attorney for Defendant James Sheppard

cc:   Ilana Eisenstein, AUSA
      Jean Lubinsky, USPO